UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,

v.

JOHN DOE subscriber assigned IP address,
67.149.89.224,

        Defendant.
_____/

Case No. 13-cv-12198

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

<u>ORDER (1) GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE (ECF NO. 2) and
(2) DENYING AS MOOT PLAINTIFF'S MOTION FOR EXPEDITED HEARING (ECF NO. 5)</u>

Before the Court is Plaintiff Malibu Media, LLC's ("Malibu") Motion for Leave to Serve Third Party Subpoena Prior to Rule 26(f) Conference (ECF No. 2) and Motion for Expedited Hearing (ECF No. 5). Malibu filed suit on May 17, 2013 against a single "John Doe" Defendant, identified only by the subscriber Internet Protocol ("IP") address he is alleged to have used to unlawfully download and share Malibu's allegedly copyrighted movies.[1] On the same day that it

---

[1] As Magistrate Judge David Grand noted in a recent Order issued in an identical "John Doe" case, also assigned to this Court, relating to a different IP address: "This appears to be one of the growing number of cases in which an adult film producer files suit in federal court against an unnamed individual (known only by his Internet Protocol address ("IP address")) who allegedly unlawfully downloaded a copyrighted pornographic work using the "BitTorrent" file-sharing protocol. *See e.g., Third Degree Films v. Does 1-47*, No. 12-10761, 2012 WL 4498911, at *1 (D. Mass, Oct. 2, 2012). Through the federal action, the filmmaker is able to discover the individual's identity, and then pursue claims and/or settlements against him." *Malibu Media, LLC v. John Doe subscriber assigned IP address 68.43.35.2*, No. 13-12202, ECF No. 7, 1 n.1 (E.D. Mich. June 25, 2013) (Grand, M.J.). The BitTorrent file sharing protocol enables online peer-to-peer distribution of potentially copyrighted material. "File sharing, as relevant here, involves the challenge of quickly distributing

filed this action, Malibu filed this motion, seeking to discover the identity of the John Doe named in the Complaint by serving a subpoena on the Internet Service Provider ("ISP") associated with the identified IP address. Malibu seeks permission to subpoena the ISP to obtain John Doe's "true name, address, telephone number, and e-mail address."

F. R. Civ. P. 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule (26)(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." In exercising the discretion granted by Rule 26(d)(1) to order early discovery, several courts in this District, and elsewhere across the country, have applied a good cause standard in similar file sharing cases to determine whether such discovery should be authorized. *See Malibu Media, supra*; *Third Degree Films v. Does 1-36*, No. 11-15200, ECF No. 5 (E.D. Mich. December 2, 2011); *Patrick Collins, Inc. v. Does 1-23*, No. 11-15231, ECF No. 4 (E.D. Mich. Dec. 1, 2011); *Malibu Media, LLC v. Does 1 through 13*, No. 12-01513, 2012 WL 2800123, at *3 (E.D. Cal. July 9, 2012). In these copyright infringement cases, courts have further refined the "good cause" standard, permitting limited discovery prior to a Rule 26(f) conference related to the identity of a John Doe defendant where: "(1) the plaintiff makes a prima facie showing of a copyright infringement claim; (2) the plaintiff submits a specific discovery request; (3) the information sought is limited in scope and not available through alternative means; and (4) there is a minimal expectation of privacy on the part of the defendant." *Malibu Media*, *supra*, ECF No. 7, at 2 (citing *Arista Records, LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010); *Arista Records, LLC v. Does 1-15*, No. 07-450, 2007 U.S.

---

copies of a large digital file, e.g., a digital movie file like those found on a DVD, to a large number of people." *Third Degree Films v. Does 1-36*, No. 11-15200, 2012 WL 2522151m at *1 (E.D. Mich. May 29, 2012).

Dist. LEXIS 97283 (S.D. Ohio Nov. 5, 2007); *Patrick Collins v. Does* 1-21, No. 11-15232, Dkt. 5 (E.D. Mich. Dec. 16, 2011)).

In this case, the Court concludes that Malibu has demonstrated good cause for early discovery, pleading a plausible claim for copyright infringement and specifically identifying the information sought. As several courts have done in similar John Doe cases, the Court concludes that defendants do not have a reasonable expectation of privacy in their IP addresses. *Malibu Media*, *supra*, No. 12-12202, ECF No. 7, at 2 (collecting cases). The information is also necessary, otherwise unavailable and the information sought, as modified by this Court's order,[2] is narrowly

---

[2] This Court agrees with limitations imposed by Magistrate Judge Grand in *Malibu Media, supra*, another file sharing case also assigned to this Court, and adopts those same limitations here.

This Court also agrees with and adopts the admonishment issued by Magistrate Judge Grand in that case, and reiterates that warning here:

> [T]he court is fully aware of the numerous cases that have been brought by this and other plaintiff adult film companies in this and other districts around the country, most if not all of which have sought the same expedited discovery sought here. While plaintiff here has satisfied the requirements necessary to permit such early discovery in this case, the modifications placed on the information to be disclosed, and the timing and circumstances of that disclosure, is this court's attempt to protect against potentially abusive litigation tactics that have been well-documented in similar cases. *[S]ee also* James DeBriyn, Shedding Light on Copyright Trolls: An Analysis of Mass Copyright Litigation in the Age of Statutory Damages, 19 UCLA Ent. L. Rev. 79, 86, 95-99 (2012) (noting that copyright holders have devised mass-litigation models to monetize infringement using the threat of large damage awards to force alleged infringers, even innocent ones, into settlements). Though the court has no reason to suspect any such tactics are contemplated by the plaintiff or its counsel in this case, the court hereby issues a stern warning that it will take extremely seriously any abusive or unethical litigation or settlement tactics that come to its attention. While copyright holders are entitled to turn to the federal courts to protect their intellectual property rights, the court will not permit itself to be used as an instrumentality for any unethical or abusive conduct.

*Malibu Media*, No. 12-12202, ECF No. 7, p. 3 n. 2 (internal case citations omitted) (alteration added).

tailored to the limited purpose of discovering the identity of the individual associated with the identified IP address.

Accordingly, Malibu's motion is GRANTED IN PART AND SUBJECT TO THE FOLLOWING MODIFICATIONS:

1. Malibu shall attach a copy of this Order to the subpoena it issues to John Doe's ISP.

2. Malibu's subpoena to the ISP may seek ONLY the following information regarding John Doe:

   A) full name, and

   B) residential address.

3. Within 7 days of its receipt of the subpoena, the ISP shall reasonably attempt to identify the subject John Doe subscriber and provide him or her with a copy of the subpoena and this Order.

4. The ISP shall have twenty-one (21) days from the service of the subpoena to move to quash or otherwise object to the subpoena. John Doe shall have fourteen (14) days from receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena. The ISPs shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. Where no motion is filed by either the ISP or John Doe within the time periods prescribed herein, the ISP shall produce to Malibu the information identified in Paragraph 2(A) and (B) above.

IT IS SO ORDERED.[3]

                                              s/Paul D. Borman
                                              Paul D. Borman
                                              United States District Judge

Dated: July 2, 2013

---

[3] Given this Court's resolution of Malibu's Motion for Leave to Issue Subpoena, the Court DENIES AS MOOT Malibu's Motion for Expedited Hearing. (ECF No. 5.)

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 2, 2013.

                                                 s/Deborah R. Tofil
                                               Deborah R. Tofil
                                               Case Manager (313) 234-5122